**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **MARK LEE WOLFE,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 14-CV-151-JHP-TLW |
| ) | |
| **JASON BRYANT, Warden,**[1] ) | |
| ) | |
| Respondent. ) | |

**OPINION AND ORDER**

Before the Court is the petition for writ of habeas corpus (Dkt. # 1) filed by Petitioner Mark Lee Wolfe, a state prisoner appearing pro se. Petitioner also filed a supporting brief (Dkt. # 2). Respondent filed a response (Dkt. # 6) and provided the state court records (Dkt. ## 6, 7, 11) necessary for adjudication of Petitioner's claims. Petitioner filed a reply (Dkt. # 8). For the reasons discussed below, the Court denies the petition for writ of habeas corpus.

*BACKGROUND*

The facts of the case, as determined by the Oklahoma Court of Criminal Appeals (OCCA) in an unpublished opinion, Case No. F-2011-582, see Dkt. # 11-1, are presumed correct unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Petitioner fails to make the necessary showing. Therefore, the following factual summary by the OCCA is presumed correct:

> On April 19, 2005, Sapulpa Police Officer John Harris stopped Appellant Wolfe during afternoon rush hour for a traffic violation in Sapulpa, Oklahoma. There was some question as to whether Wolfe's car came to a stop within the city

---

[1] Under Rule 2(a), Rules Governing Section 2254 Proceedings, the proper respondent in a habeas corpus case is the state officer having custody of petitioner. Here, Petitioner is currently in custody at James Crabtree Correctional Center (JCCC). Therefore, Jason Bryant, Warden at JCCC, is the proper respondent and shall be substituted as party respondent in place of Janet Dowling, Warden. The State of Oklahoma is dismissed from this action.

>limits of Sapulpa, but the evidence was undisputed that the traffic violation occurred within the city limits.
>
>Officer Harris ran a check of Wolfe's driver's license, found it suspended, and learned there was a misdemeanor warrant for his arrest. He placed Wolfe under arrest and Officer Trey Pritchard, who was assisting Officer Harris, searched the driver's area of Wolfe's car incident to arrest. Officer Pritchard noticed the dashboard had been tampered with and overlapped in the wrong direction. He lifted the dash and inside the air conditioner duct was a dark-colored leather bag with several small plastic bags inside, each containing a white powdery substance. There was no drug tax stamp on the packages or bag. The white powdery substance was tested and found to contain methamphetamine with a total weight of 36.2 grams.

(Dkt. # 11-1 at 2 (footnote omitted)).

Based on those events, the State charged Petitioner with Trafficking in Illegal Drugs, After Former Conviction of Two Felonies (Count 1); Failure to Obtain a Drug Tax Stamp, After Former Conviction of Two Felonies (Count 2); Driving Under Suspension (Count 3); and Failure to Signal a Turn (Count 4), in Tulsa County District Court, Case No. CF-2005-1911. See id. at 1; Dkt. # 6-1 at 1. On June 7, 2007, a jury acquitted Petitioner of Count 4 but convicted Petitioner of Counts 1-3, see Dkt. # 7-14, Tr. Vol. 4 at 38-39, and recommended sentences as follows: life imprisonment without the possibility of parole and a $25,000 fine (Count 1), ten (10) years imprisonment and a $5,000 fine (Count 2), and one (1) year imprisonment and a $500 fine (Count 3), id. at 80. That same day, the trial judge sentenced Petitioner in accordance with the jury's recommendation and ordered the sentences to run consecutively. Id. at 84-85. Attorney C. Rabon Martin represented Petitioner at trial. See id. at 1.

After being granted a direct appeal out of time, Petitioner perfected a direct appeal to the OCCA. See Dkt. # 6-1. Attorney Lisbeth L. McCarty represented Petitioner on appeal. Id. Petitioner raised fifteen (15) propositions of error, as follows:

2

Proposition 1:     The stop was unlawful due to jurisdiction; accordingly, all evidence stemming from that stop should have been suppressed.

Proposition 2:     The trial judge erred by failing to recuse himself.

Proposition 3:     The trial judge erred by denying a continuance and thereby forcing counsel to be ineffective in arguing the motion to suppress.

Proposition 4:     Appellant's convictions should be reversed because the trial court's lectures produced invalid verdicts and denied Appellant his right to fair trial by jury.

Proposition 5:     The search was unlawful; thus, evidence obtained as a result of that search must be suppressed.

Proposition 6:     The admission of other crime evidence deprived Appellant of a fair trial.

Proposition 7:     The trial judge abused his discretion by refusing to allow Appellant to waive the bifurcated proceeding.

Proposition 8:     The jury's acquittal on Count V [sic], failure to signal, negates the other verdicts of guilty due to the fruit of the poisonous tree doctrine.

Proposition 9:     Ineffective assistance of counsel cost Appellant a fair trial and a fair appeal.

Proposition 10:    The lack of a full and complete record on appeal has deprived Mr. Wolfe of a fair hearing and due process of law.

Proposition 11:    The admission of information about the outstanding warrant was irrelevant and unduly prejudicial.

Proposition 12:    The prosecution failed to prove the second-stage former felonies.

Proposition 13:    Prosecutorial misconduct deprived Appellant of a fair trial.

Proposition 14:    The sentences are excessive as imposed.

Proposition 15:    Cumulative errors deprived Appellant of a fair trial.

Id. In an unpublished opinion, entered July 12, 2013, in Case No. F-2011-582, the OCCA affirmed the trial court's Judgment and Sentence. See Dkt. # 11-1.

On November 27, 2013, Petitioner filed a third application for post-conviction relief.[2] See Dkt. # 6-4. On December 13, 2013, the trial court denied the application. See Dkt. # 6-5. Petitioner appealed to the OCCA. In his post-conviction petition in error, Petitioner raised five (5) propositions of error, as follows:

Proposition 1:    The stop was unlawful due to jurisdiction; accordingly, all evidence stemming from that stop should have been suppressed.

Proposition 2:    The trial judge erred by failing to recuse himself.

Proposition 3:    The trial judge erred by denying a continuance and thereby forcing counsel to be ineffective in arguing the motion to suppress.

Proposition 4:    Counsel is ineffective when acts or fails to act in such a manner as to prejudice the jury against the accused is actually prejudice.

Proposition 5:    Cumulative error deprived Petitioner of a fair trial.

(Dkt. # 6-6). By Order filed February 6, 2014, in Case No. PC-2014-69, the OCCA declined jurisdiction and dismissed the post-conviction appeal because "Petitioner failed to attach to the Petition in Error, a certified copy of the District Court Order being appealed, as required by Rule 5.2(C)(2), Rules of the Oklahoma Court of Criminal Appeals." See Dkt. # 6-7.

On April 1, 2014, Petitioner filed a federal petition for writ of habeas corpus (Dkt. # 1), raising five (5) grounds of error, identified as follows:

Ground 1:    The stop was unlawful due to jurisdiction; accordingly, all evidence stemming from that stop should have been suppressed.

---

[2] In his first and second applications for post conviction relief, Petitioner sought a direct appeal out of time. The OCCA granted Petitioner's request for an appeal out of time as raised in his second application for post conviction relief. See Dkt. # 11-1 at 2 n.2.

4

      Ground 2:      The trial judge erred by failing to recuse himself.

      Ground 3:      The trial judge erred by denying a continuance and thereby forcing counsel to be ineffective in arguing the motion to suppress.

      Ground 4:      Counsel is ineffective when acts or fails to act in such a manner as to prejudice the jury against the accused is actually prejudice.

      Ground 5:      Cumulative error deprived Petitioner of a fair trial.

(Dkt. # 1). Respondent argues that Petitioner is not entitled to habeas corpus relief. See Dkt. # 6.

*ANALYSIS*

**A.**    **Exhaustion**

As a preliminary matter, the Court must determine whether Petitioner meets the exhaustion requirements of 28 U.S.C. § 2254(b), (c). See Rose v. Lundy, 455 U.S. 509, 510 (1982). Petitioner presented Grounds 1, 2, part of 3, and 5 to the OCCA on direct appeal. He raised Ground 4 and the ineffective assistance of counsel claim asserted in Ground 3 on post-conviction appeal. Therefore, the exhaustion requirement of 28 U.S.C. § 2254(b) is satisfied.

**B.**    **Claims adjudicated by the OCCA (Grounds 1-3, 5)**

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions. Under the AEDPA, when a state court has adjudicated a claim, a petitioner may obtain federal habeas relief only if the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); Harrington v. Richter, 562 U.S. 86, 102-03 (2011); Williams v. Taylor, 529 U.S. 362, 386 (2000); Neill v. Gibson, 278 F.3d 1044,

5

1050-51 (10th Cir. 2001). "Clearly established Federal law for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta, of [the Supreme Court's] decisions." White v. Woodall, 134 S. Ct. 1697, 1702 (2014) (citations omitted).

When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner. See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002). An unreasonable application by the state courts is "not merely wrong; even 'clear error' will not suffice." White, 134 S. Ct. at 1702 (citation omitted). The petitioner "must show that the state court's ruling . . . was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Id. (citation and internal quotation marks omitted); see Metrish v. Lancaster, 133 S. Ct. 1781, 1787 (2013).

Generally, a federal habeas court has no authority to review a state court's interpretation or application of its own state laws. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (emphasizing that it is not the province of a federal habeas court to reexamine state court determinations on state law questions). When conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. Id. at 68 (citations omitted).

      **1.**      **Unlawful stop (Ground 1)**

In Ground 1, Petitioner contends that there was "no basis for the traffic stop as Wolfe was not required to use his traffic signal when changing lanes as traffic was not affected by his movement" and that "the traffic stop leading to his arrest was illegal because the officer was outside of his jurisdiction, i.e., the city limits of Sapulpa." See Dkt. # 2 at 4.

6

In <u>Stone v. Powell</u>, 428 U.S. 465, 482 (1976), the Supreme Court held that, where the state has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search and seizure was introduced at trial. The Tenth Circuit has reiterated that a federal habeas corpus court may not overturn a state criminal conviction because of a violation of the Fourth Amendment if the petitioner had a full and fair opportunity to litigate the claim. <u>Brown v. Sirmons</u>, 515 F.3d 1072, 1082 (10th Cir. 2008); <u>Miranda v. Cooper</u>, 967 F.2d 392, 401 (10th Cir. 1992); <u>Gamble v. Oklahoma</u>, 583 F.2d 1161, 1165 (10th Cir. 1978). The opportunity for full and fair consideration detailed in <u>Stone</u> "includes, but is not limited to[,] the procedural opportunity to raise or otherwise present a Fourth Amendment claim[] and the full and fair evidentiary hearing contemplated by <u>Townsend v. Sain</u>, 372 U.S. 293 (1963)." <u>Cannon v. Gibson</u>, 259 F.3d 1253, 1261 (10th Cir. 2001) (citation omitted).

Here, the state courts granted Petitioner a full and fair opportunity to litigate his Fourth Amendment claims. The record reflects that, on November 2, 2005, Petitioner filed a pretrial motion to suppress and argued that the initial traffic stop was illegal because he was not required to signal under the circumstances. <u>See</u> Dkt. # 7-15, O.R. Vol. I at 120-22. At a hearing held December 2, 2005, the trial judge denied the motion "based upon the preliminary hearing transcript." <u>See</u> Dkt. # 7-3, Tr. Mot. Hr'g at 6. In addition, at trial, Petitioner argued that his acquittal on Count 4, Failure to Signal, rendered the arrest invalid and that all of the evidence recovered subsequent to the invalid arrest was tainted. <u>See</u> Dkt. # 7-14, Tr. Vol. IV at 57. The trial judge made a legal determination that the officer had probable cause for the stop and denied Petitioner's request for a judgment of acquittal on Counts 1-3. <u>Id.</u> at 58. Petitioner further argued at trial that the traffic stop made by

Sapulpa police occurred outside the city limits of Sapulpa, making it an illegal stop. Id. at 58-59. The trial judge denied Petitioner's motion. Id. at 59-60. On direct appeal, the OCCA found that the district court's rejection of Petitioner's claims was "justified by the record." See Dkt. # 11-1 at 5.

Because the state courts provided an opportunity for full and fair litigation of Petitioner's claims, this Court is precluded from considering the issues raised in Ground 1. See Stone, 428 U.S. at 494; see also Gamble, 583 F.2d at 1165. Therefore, the Court denies habeas relief on Ground 1.

### 2. Trial judge's failure to recuse (Ground 2)

In Ground 2, Petitioner contends that his due process rights were violated when the trial judge failed to recuse himself. Dkt. # 1 at 9. Petitioner states that the trial judge "had dismissed a previous case and was familiar with Petitioner . . . Defense counsel urged that prejudice could be seen because Judge Harris granted a motion to increase Petitioner's bond to one million dollars." Id. On direct appeal, the OCCA concluded that "[t]he judge's statements and rulings neither demonstrate a bias against Wolfe nor otherwise show he could not fairly preside in this matter." Dkt. # 11-1 at 7.

The Fourteenth Amendment's Due Process Clause requires a fair trial in a fair tribunal. Withrow v. Larkin, 421 U.S. 35, 46 (1975). Further, a trial must proceed before a judge with no actual bias against the defendant or interest in the outcome of his particular case. Bracy v. Gramley, 520 U.S. 899, 905, 908-09 (1997) (allowing discovery in habeas case where petitioner's trial judge had later been convicted of taking bribes in criminal cases); In re Murchison, 349 U.S. 133, 138-39 (1955) (finding denial of due process where trial judge had previously served as a one-man "judge-grand jury" in the contempt case); Tumey v. Ohio, 273 U.S. 510, 523 (1927) (stating that it is a violation of due process for a criminal defendant to be tried by a judge who "has a direct,

personal, substantial pecuniary interest in reaching a conclusion against [the defendant] in his case"). The Court's inquiry "is an objective one. The Court asks not whether the judge is actually, subjectively biased, but whether the average judge in his position is likely to be neutral, or whether there is an unconstitutional potential for bias." Caperton v. A. T. Massey Coal Co., 556 U.S. 868, 881 (2009) (internal quotation marks omitted).

Petitioner has not presented evidence or argument demonstrating that the OCCA's finding that the trial court judge was not biased against Petitioner was contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court. To obtain habeas relief on this claim, Petitioner must present compelling evidence of judicial bias. Fero v. Kerby, 39 F.3d 1462, 1478 (10th Cir. 1994). Nothing in the record suggest that there was an unconstitutional potential for bias against Petitioner or that the trial judge was in a position affecting his ability to remain neutral. Petitioner does not specify, and it is not clear from the record, how Judge Harris prevented his defense counsel from presenting a full defense. Although Petitioner claims that Judge Harris's bias was demonstrated by his denial of a continuance prior to ruling on Petitioner's motion to suppress, see Dkt. # 2 at 8-9, Petitioner fails to show that the ruling resulted from the trial judge's lack of neutrality or actual bias. Additionally, a review of the trial transcripts shows that Judge Harris allowed defense counsel ample time to make a complete record during bench conferences. See, e.g., Dkt. # 7-12, Tr. Vol. II at 247-48; Dkt. # 7-13, Tr. Vol. III at 59-75. Because nothing in the record suggests that the trial judge was in a position affecting his ability to remain neutral, or that there was an unconstitutional potential for bias, Petitioner has failed to show that the OCCA's adjudication of this claim was contrary to, or an unreasonable application of,

clearly established federal law as determined by the Supreme Court. Petitioner is not entitled to habeas corpus relief on Ground 2.

### 3. Trial judge's failure to grant a continuance (part of Ground 3)

In Ground 3, Petitioner contends that "[t]he trial judge erred by denying a continuance and thereby forcing counsel to be ineffective in arguing the motion to suppress." Dkt. # 1 at 10. Petitioner explains that:

> Petitioner's counsel was taken by surprise when the trial judge decided to hear the motion to suppress at the Allen hearing, this counsel was not the attorney of record and was not prepared to argue this motion. The attorney of record was suffering with prostate cancer and had not developed the record adequately. Christopher Martin was the son of attorney of record and was not fully aware of the facts of case.

Id. Rejecting this claim on direct appeal, the OCCA stated that:

> [d]efense counsel filed a Motion to Suppress on November 2, 2005. At a hearing on December 1, 2005, the trial judge announced he would hear the *Allen* discovery issues as well as the motion to suppress. The attorney appearing on Wolfe's behalf that day was the son of the attorney of record. He objected and asked the judge to continue the case so the attorney of record could argue the motion to suppress. The district court judge denied the request for a continuance and the motion itself, noting that the motion was not timely filed. He stated he could decide th issue based on his reading of the preliminary hearing transcript.
>
> Wolfe has not shown that he suffered prejudice because the requested continuance was denied. He argues only that "[h]ad counsel of record been afforded notice that the hearing on the Motion to Suppress would be taking place, counsel of record would have appeared to make the argument and the result *may* have been different." (emphasis added) (Appellant's Brief at 12). This statement provides no support for this claim. The failure to specify the argument that counsel could have or would have made prevents us from finding Wolfe was prejudiced by the denial of his request. This claim is denied.

(Dkt. # 11-1 at 7-8 (footnote omitted)).

"[B]road discretion must be granted trial courts on matters of continuances." Morris v. Slappy, 461 U.S. 1, 11 (1983). The Tenth Circuit has noted that, "[a] trial judge's decision to deny

10

a motion for continuance constitutes an abuse of discretion only if the denial was arbitrary or unreasonable and materially prejudiced the [defendant]." See Phillips v. Ferguson, 182 F.3d 769, 775 (10th Cir. 1999) (internal quotation marks and citation omitted). Whether denial of a continuance constitutes an abuse of discretion,

> turns largely upon the circumstances of the individual case[,] . . . including: "the diligence of the party requesting the continuance, the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance, the inconvenience to the opposing party, its witnesses, . . . and the harm that appellant might suffer as a result of the . . . court's denial of the continuance."

Case v. Mondragon, 887 F.2d 1388, 1396 (10th Cir. 1989) (citations omitted). In a habeas proceeding, the abuse of discretion "must have been so arbitrary and fundamentally unfair that it violates constitutional principles of due process." Id. (internal quotation marks and citation omitted).

Here, the OCCA found that Petitioner had not demonstrated that he was prejudiced by the trial judge's rulings denying the continuance and the motion to suppress. See Dkt. # 11-1 at 8. During trial, the trial judge addressed the argument asserted in the motion to suppress and again denied relief. Petitioner has not shown that the trial judge's denial of a continuance was so fundamentally unfair that it violated principles of due process.[3] Therefore, Petitioner has failed to show that the OCCA's adjudication of this due process claim was contrary to, or an unreasonable

---

[3]In this section of his petition, Petitioner also claims that as a result of the denial of a continuance, trial counsel was unable to develop a challenge to the scope of the police officer's search of Petitioner's vehicle. See Dkt. # 2 at 12-15. This claim was not raised on direct appeal. However, it was raised on post-conviction appeal and, as discussed in Part C, is procedurally barred.

11

application of, clearly established federal law as determined by the Supreme Court. For that reason, habeas corpus relief is denied on that portion of Ground 3 raised on direct appeal.

### 4. Cumulative error (Ground 5)

In Ground 5, Petitioner contends that "[t]he numerous errors in this case combined with the biased judge and the deficient representation of trial counsel coupled with counsel's cancer and subsequent death left a[n] inadequate record. A review of the record would disclose the various actions of the court which further prejudiced petitioner." Dkt. # 1 at 13. On direct appeal, the OCCA concluded that "[t]here were no errors, either individually or when considered together, that denied Wolfe a fair trial." Dkt. # 11-1 at 31.

In analyzing a cumulative error claim, the proper inquiry "aggregates all the errors that individually might be harmless [and therefore insufficient to require reversal], and it analyzes whether their cumulative effect on the outcome of the trial is such that collectively they can no longer be determined to be harmless." U.S. v. Wood, 207 F.3d 1222, 1237 (10th Cir. 2000) (citation and internal quotation marks omitted). The Tenth Circuit has held that a cumulative error analysis is applicable only where there are two or more actual errors. Workman v. Mullin, 342 F.3d 1100, 1116 (10th Cir. 2003). Additionally, only federal constitutional errors can be aggregated to permit relief on habeas review. Matthews v. Workman, 577 F.3d 1175, 1195 (10th Cir. 2009). Cumulative impact of non-errors is not part of the analysis. Le v. Mullin, 311 F.3d 1002, 1023 (10th Cir. 2002) (citation omitted). "[T]he task merely consists of aggregat[ing] all the errors that have been found to be harmless and analyz[ing] whether their cumulative effect on the outcome of the trial is such that collectively they can no longer be determined to be harmless." Grant v. Trammell, 727 F.3d 1006, 1025 (10th Cir. 2013) (citation and internal quotation marks omitted).

Here, the Court has not found two or more harmless errors during Petitioner's trial. As a result, there is no basis for a cumulative error analysis. Petitioner has not shown that the OCCA's adjudication of this claim was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court. Habeas relief is denied on Ground 5.

**C.     Procedural Bar (Ground 4 and part of Ground 3)**

In Ground 4, Petitioner claims that appellate counsel provided ineffective assistance in omitting a claim of ineffective assistance of trial counsel based on trial counsel's failure to file a timely motion to suppress and for not being present in court to argue the motion. See Dkt. # 2 at 15. Petitioner further argues that his attorney's ongoing cancer treatment at the time of Petitioner's trial "adversely affected his [attorney's] cognitive abilities, concentration and memory . . . . The direct correlation between counsel's prostate cancer and the ineffective representation has denied petitioner a fair trial." Id. at 16. Petitioner also claims in part of Ground 3 that, as a result of the trial judge's denial of a continuance, he was deprived of the effective assistance of trial counsel because counsel was unable to develop a challenge to the scope of the police officer's search of Petitioner's vehicle. See Dkt. # 2 at 12-15.

Petitioner raised these claims on post-conviction appeal. See Dkt. # 6-6 at 15-19, 20-26. However, the OCCA declined jurisdiction and dismissed the appeal, stating that "Petitioner failed to attach to the Petition in Error, a certified copy of the District Court Order being appealed, as required by Rule 5.2(C)(2), Rules of the Oklahoma Court of Criminal Appeals . . . . As Petitioner has provided an insufficient record for review, the court **DECLINES** jurisdiction and **DISMISSES** this matter." See Dkt. # 6-7.

13

The doctrine of procedural bar prohibits a federal court from considering a specific habeas claim where the state's highest court declined to reach the merits of that claim on independent and adequate state procedural grounds, unless a petitioner "demonstrate[s] cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate[s] that failure to consider the claim[] will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991); see Maes v. Thomas, 46 F.3d 979, 985 (10th Cir. 1995); Gilbert v. Scott, 941 F.2d 1065, 1067-68 (10th Cir. 1991). "A state court finding of procedural default is independent if it is separate and distinct from federal law." Maes, 46 F.3d at 985. A finding of procedural default is an adequate state ground if it has been applied to "similar" claims evenhandedly "in the vast majority of cases." Id. at 986 (internal quotation marks omitted).

Applying the principles of procedural bar to this case, the Court finds that Petitioner's claims of ineffective assistance of trial and appellate counsel raised in Grounds 3 and 4 are procedurally barred. The OCCA's procedural bar, based on Petitioner's failure to provide a certified copy of the district court order, is an "independent" state ground because state law – Rule 5.2(C)(2), Rules of the Oklahoma Court of Criminal Appeals – provided "the exclusive basis for the state court's holding." See Maes, 46 F.3d at 985. Additionally, the procedural bar was an "adequate" state ground because the OCCA requires strict adherence to procedural rules and consistently dismisses appeals which do not comply with the rules. See Johnson v. Champion, 288 F.3d 1215, 1226-27 n.3 (10th Cir. 2002) (stating that the OCCA's declination of jurisdiction based on Rule 5.2(C) constitutes an independent and adequate state procedural ground).

As a result, the Court will deny habeas corpus relief on the defaulted grounds based on the procedural default doctrine unless Petitioner demonstrates "cause and prejudice" or a "fundamental

14

miscarriage of justice" to excuse his procedural default of the claims. Coleman, 501 U.S. at 750; Maes, 46 F.3d at 985. The "cause and prejudice" exception requires a petitioner to "show that some objective factor external to the defense impeded . . . efforts to comply with the state procedural rules." Murray v. Carrier, 477 U.S. 478, 488 (1986). The "fundamental miscarriage of justice" exception requires a petitioner to demonstrate that he is "actually innocent" of the crime for which he was convicted. McCleskey v. Zant, 499 U.S. 467, 494 (1991).

In his reply, Petitioner claims "there was no intention to not comply with proper state procedure, it was merely an oversight . . . ." (Dkt. # 8 at 15). However, to demonstrate "cause," Petitioner must allege that an objective external factor impeded his efforts to comply with state procedural rules. Carrier, 477 U.S. at 488. Petitioner's explanation that his failure to comply with state procedural rules was an "oversight" is insufficient to meet that standard. In addition, although Petitioner claims to be legally innocent, see Dkt. # 8 at 16, he does not claim that he is actually innocent. As a result, Petitioner does not fall within the "fundamental miscarriage of justice" exception. Accordingly, because Petitioner has not demonstrated "cause and prejudice" or that a "fundamental miscarriage of justice" will result if his claim is not considered, the Ground 3 claim of ineffective assistance of trial counsel and the Ground 4 claim of ineffective assistance of appellate counsel are procedurally barred. Coleman, 501 U.S. at 724. For that reason, the Court denies Petitioner's request for habeas corpus relief on those claims.

**D.   Certificate of Appealability**

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The Court may issue a certificate of appealability "only if the applicant

has made a substantial showing of the denial of a constitutional right," and the Court "indicate[s] which specific issue or issues satisfy [that] showing." 28 U.S.C. § 2253. A petitioner can satisfy the standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (citation omitted). As to claims denied on procedural grounds, Petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. at 484.

After considering the record in this case, the Court concludes a certificate of appealability should not issue. Nothing suggests that this Court's application of AEDPA standards to the OCCA's decision is debatable amongst jurists of reason. See Dockins v. Hines, 374 F.3d 935, 937-38 (10th Cir. 2004). As to the claims denied on a procedural basis, Petitioner has failed to satisfy the second prong of the required showing, i.e., that the Court's ruling resulting in the denial of relief on procedural grounds is debatable. The Court denies a certificate of appealability.

## *CONCLUSION*

After careful review of the record, the Court concludes that Petitioner has not established that he is in custody in violation of the Constitution or laws of the United States. Therefore, the petition for writ of habeas corpus is denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Jason Bryant, Warden, is **substituted** as party respondent in place of Janet Dowling, Warden. The State of Oklahoma is **dismissed** from this action.

2. The petition for a writ of habeas corpus (Dkt. # 1) is **denied**.

3. A certificate of appealability is **denied**.

4. A separate judgment shall be entered in this matter.

**DATED** this 4th day of April, 2017.

*James H. Payne*
James H. Payne
United States District Judge
Northern District of Oklahoma